UNITED STATES COURT OF APPEAL
FOR THE FIFTH CIRCUIT
_____

No. 97-51094
_____

FRED C., Individually and by and through
his next friend Evelyn Tattini,

Plaintiff-Appellee,

versus

TEXAS HEALTH AND HUMAN SERVICES COMMISSION, ET AL.,

Defendants,

TEXAS HEALTH AND HUMAN SERVICES COMMISSION;
TEXAS DEPARTMENT OF HUMAN SERVICES; BURTON RAIFORD,
Commissioner, Texas Department of Health;
TEXAS DEPARTMENT OF HEALTH; DAVID SMITH, Dr.,
Commissioner of Texas Department of Health;
MIKE McKINNEY, Commissioner, Texas Department
of Human Services,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CV-1028)
_____

December 23, 1998

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

The linchpin to this second appeal in this case is whether our court's opinion for the first appeal bars our reconsideration of whether an augmentative communication device is a covered benefit for Fred C., an adult Medicaid recipient, under the Texas Medicaid

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

program.  The Commissioners of the Texas Health and Human Services Commission, the Texas Department of Human Services, and the Texas Department of Health (collectively, Appellants) appeal the summary judgment in favor of Fred C.  We **AFFIRM**.

I.

Fred C., a Medicaid recipient who suffers from dysarthria, which impedes his ability to speak, brought this action for injunctive and declaratory relief, seeking to require Texas Medicaid to provide him an augmentative communication device (ACD). In May 1996, the district court granted summary judgment for Fred C., concluding that an ACD is durable medical equipment or a prosthetic device, covered by Texas Medicaid under its provisions for home health services.

Appellants appealed, contending that the district court erred by holding that, because ACDs are provided to Medicaid recipients under age 21, the device must be provided to Fred C., who is over age 21; that Fred C. failed to establish that he met the eligibility requirements for home health services; that the district court erred by holding that Appellants were required under the Medicaid Act to provide ACDs as durable medical equipment or as prosthetics; and that Fred C.'s claims against Appellants should have been dismissed because Fred C. had moved to a program under the jurisdiction of a non-defendant agency.

In a short, unpublished opinion, our court vacated the judgment and remanded the case, stating:

> To prevail on his motion for summary judgment Fred C. must establish beyond any

- 2 -

> genuine dispute in the summary judgment record
> that: (1) he is Medicaid qualified; (2) the
> subject device is medically necessary; (3) the
> device is provided by Texas Medicaid in its
> home health services; and, finally, (4) he is
> qualified for home health services. The
> record abundantly establishes that Fred C. is
> Medicaid qualified, that the device is
> medically necessary, and that it is provided
> by Texas Medicaid in its home health services
> program. *The record is totally devoid of
> proof that Fred C. is either qualified or is
> not qualified under the home health services.
> As a consequence, for failure of proof of this
> essential element, the district court properly
> denied the motion for summary judgment filed
> by Texas Health. Concomitantly, the district
> court erred in granting Fred C.'s motion for
> summary judgment.*

*Fred C. v. Texas Health & Human Services Comm'n*, No. 96-50417 (5th Cir. May 27, 1997) (unpublished).

On remand, the district court recognized that our court had remanded the case "for the purpose of establishing whether Fred C. is qualified to receive home health services under the Texas Medicaid program". Observing that Appellants did not controvert the evidence that Fred C. was qualified to receive home health services, the district court again granted summary judgment to Fred C. Noting that it appeared that our court's opinion had concluded that the ACD was a covered benefit, the district court stated that it was addressing that issue only "out of an abundance of caution". The district court's opinion on remand is almost identical to its initial opinion, with only slight changes.

## II.

In this second appeal, Appellants contend again that the district court erred by holding that, because the Texas Medicaid

- 3 -

program provides ACDs to recipients under age 21, an ACD must likewise be provided to Fred C.; that the district court erred by holding that an ACD must be provided to Fred C. as durable medical equipment or as a prosthetic device under the category of home health services; and that the Texas Health and Human Services Commission (THHSC), the Texas Department of Human Services (TDHS), and their Commissioners should have been dismissed because Fred C. has moved to a program under the jurisdiction of a non-defendant agency. In addition, Appellants contend, as they did in district court for the first time *after remand*, that all three of the agency appellants are immune from suit under the Eleventh Amendment.

A.

As our court recently reiterated,

> Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.... This self-imposed doctrine serves the practical goals of encouraging finality of litigation and discouraging panel shopping. It is predicated on the premise that there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members.... The law of the case doctrine, however, is not inviolate. We have explained that *a prior decision of this court will be followed without re-examination ... unless (i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice....*
>
> A corollary of the law of [the] case doctrine, known as the mandate rule, provides

- 4 -

that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate, and may not disregard the explicit directives of that court. The mandate rule simply embodies the proposition that a district court is not free to deviate from the appellate court's mandate.

*United States v. Becerra*, 155 F.3d 740, 752-53 (5th Cir. 1998) (emphasis added; internal quotation marks and citations omitted). The law of the case doctrine encompasses issues "decided by necessary implication as well as those decided explicitly". *Alberti v. Klevenhagen*, 46 F.3d 1347, 1351 n.1 (5th Cir. 1995).

With the exception of the Eleventh Amendment issue, *raised for the first time after remand*, each of the other issues raised by Appellants were presented on the first appeal to the prior panel, which remanded *only* for consideration of whether Fred C. was qualified for home health services. The parties did not brief the applicability of the law of the case doctrine or any of its exceptions. Accordingly, counsel were directed to be prepared to discuss at oral argument whether the law of the case doctrine precludes us from revisiting the issues decided on the first appeal. At oral argument, Appellants asserted that the third exception to the law of the case doctrine is applicable, because our court's prior decision "was clearly erroneous".

As noted, under the third exception to the law of the case doctrine, our court may re-examine a prior decision if that decision is both "clearly erroneous *and* would work a manifest injustice". *Becerra*, 155 F.3d at 753 (emphasis added). But, we conclude that Appellants have not established that our court's

prior decision was both "clearly erroneous"; *and* that it "would work a manifest injustice" if we do *not* reconsider the issues presented in the first appeal. Accordingly, under the law of the case doctrine, we are not free to re-examine those issues.

No authority need be cited for the rule that we review a summary judgment *de novo*, applying the same test under FED. R. CIV. P. 56 as did the district court. Accordingly, in affirming the district court's second summary judgment, we are not passing on the correctness of, nor do we adopt, the district court's opinion; we hold merely that reconsideration of the issues presented in the first appeal is barred under the law of the case doctrine.

In accordance with our court's prior mandate, the only remaining issue presented in the first appeal that was properly before the district court on remand was whether Fred C. was eligible to receive home health services. (The new Eleventh Amendment issue is discussed *infra*.) Because Appellants did not contest his eligibility for home health services, the district court properly granted summary judgment for Fred C. It was not necessary for the district court to readdress the other coverage issues re-urged by Appellants on remand; as the court noted, it did so only out of an abundance of caution.[2]

B.

---

[2] The 4 September 1998 interpretive guidance letter issued by the Director of the Center for Medicaid and State Operations, Health Care Financing Administration, United States Department of Health and Human Services, is advisory only, and has no bearing on our disposition of this appeal.

The law of the case doctrine is *not* applicable to the Eleventh Amendment issue because it was not raised until *after* remand. And, Appellants' assertion of the issue was timely. *See* **Edelman v. Jordan**, 415 U.S. 651, 678 (1974) ("the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court").

Appellants concede that the Eleventh Amendment does not immunize the Commissioners of the appellant agencies from suit against them in their official capacities for prospective relief; instead, they contend that the agencies, as entities, are immune. On remand, the district court did not expressly address the Eleventh Amendment claims; but, in response to Appellants' contention that the only proper defendant is the Commissioner of the Texas Department of Health, in her official capacity, the district court stated that THHSC and TDHS, through their Commissioners, were also proper defendants. Thus, the district court implicitly agreed with Appellants' assertion that the agencies, as entities, are not subject to suit. *See, e.g.,* **Ex parte Young**, 209 U.S. 123 (1908); **Aguilar v. Texas Department of Criminal Justice**, ___ F.3d ___, ___, 1998 WL 789435, at *2 (5th Cir. 1998). Therefore, the district court correctly decided this issue.

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

- 7 -